UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

09 AUG 26 AM 11:55

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

ROSA STAYNER
731 JEFFERSON AVENUE
CHILLICOTHE, OHIO 45601

    Plaintiff,

vs.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION
1050 FREEWAY DRIVE NORTH
COLUMBUS, OHIO 43222

    and

ROSS CORRECTIONAL INSTITUTION
16149 STATE RT. 104
CHILLICOTHE, OHIO 45601

    and

MICHAEL SHEETS, WARDEN
ROSS CORRECTIONAL INSTITUTION
16149 STATE RT. 104
CHILLICOTHE, OHIO 45601

    and

TERRY J. COLLINS, DIRECTOR
OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION
1050 FREEWAY DRIVE NORTH
COLUMBUS, OHIO 43222

    and

Case No. 2:09 CV 752

Judge JUDGE MARBLEY

Magistrate Judge
MAGISTRATE JUDGE KEMP

COMPLAINT WITH JURY
DEMAND ENDORSED
HEREON

1

**ALFRED "GREG" HUGHES**
**345 ARLINGTON AVENUE**
**WAVERLY, OHIO 45690-1540**

**Defendants.**

## COMPLAINT

Plaintiff Rosa Stayner for her Complaint states:

### JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. §2000e et. seq. ("Title VII"), the First and Fourteenth Amendment to the United States Constitution and the Reconstruction Era Civil Rights Act codified at 42 U.S.C. §§ 1983.

2. This Court has jurisdiction over these claims pursuant to 42 U.S.C. § 2000e-5, 28 U.S.C. §§ 1331 and 1343 and the principle of pendant jurisdiction.

3. The defendant is a resident of and/or does business in the Southern District of Ohio, Eastern Division. All activities which are the subject of this Complaint took place in this District, and venue is proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES AND BACKGROUND

4. Plaintiff is a female individual who currently resides in, and at all times relevant to this action resided in Chillicothe, Ohio. She has been employed at the defendant Ross Correctional Institution ("RCI") by defendant Ohio Department of Rehabilitation and Correction ("ODRC") since 1998 and has been a corrections officer at RCI since 2002.

2

5. Defendants RCI and ODRC are divisions of the State of Ohio and are the employer of the plaintiff as that term is defined in Title VII.

6. Defendant Michael Sheets, who is named in his official capacity, has at all times relevant to this action been the Warden of RCI.

7. Defendant Terry J. Collins, who is named in his official capacity, has at all times relevant to this action been the Director of ODRC.

8. Defendant Alfred "Greg" Hughes, who is named in his individual and official capacity, has at all relevant times been a Sergeant and/or corrections officer at RCI.

9. On October 8, 2007 and October 9, 2007 plaintiff was sexually harassed by her supervisor, defendant Hughes.

10. The specifics of the sexual harassment (and the sexual harassment of others) were reported to defendant Sheets on or about October 12, 2007.

11. Despite the fact that RCI has knowledge of and has received other complaints relating to defendant Hughes and other complaints concerning the sexual harassment of female corrections officers, it, and defendant ODRC, failed to take prompt effective remedial action with regard to the actions of defendant Hughes.

12. As a result of RCI and ODRC's failure to take prompt effective remedial action, defendant Hughes made additional comments and engaged in additional retaliatory conduct towards plaintiff. This additional conduct was reported to the office of defendant Sheets and no prompt remedial action was taken.

13. The incidents noted above caused plaintiff extreme emotional distress and made it difficult to perform her job as a corrections officer.

14. On December 21, 2007, plaintiff was asked to leave her job by officials at RCI and was placed on disability leave. She was not able to return to her job until September 26, 2008.

15. Plaintiff, on June 12, 2008 filed a timely charge (No. 846-2008-14020) with the United States Equal Employment Opportunity Commission ("EEOC") and was issued an official notification of her right to initiate litigation under Title VII in June, 2009.

16. Since her return to the job and filing of the charge, retaliatory conduct towards her by defendant Hughes and officials at RCI has continued and has caused her extreme emotional distress.

**FIRST COUNT**

17. Plaintiff reincorporates the allegations in paragraphs 1 through 16.

18. The sexual harassment, retaliation, failure to take prompt remedial action, and removal of the plaintiff from her job are in violation of 42 U.S.C. § 2000e et. seq. and Ohio Rev. Code § 4112.99.

19. As a direct and proximate result of the actions of defendants, plaintiff has suffered irreparable harm and loss of professional stature, emotional distress, humiliation, mental anguish, depression, and loss of salary and benefits. The action of defendants represent reckless and callous indifference to plaintiff's protected rights.

4

**SECOND COUNT**

20. Plaintiff reincorporates the allegations in paragraphs 1 through 19.

21. Defendants, acting under color of state law, denied plaintiff her rights, privileges, or immunities secured by the equal protection clause of the Fourteenth Amendment to the United States Constitution and her right to freedom of speech protected by the First Amendment to the United States Constitution.

22. By said actions, defendants have violated 42 U.S.C. § 1983.

**WHEREFORE,** plaintiff demands judgment against defendants RCI, ODRC, Mr. Sheets (in his official capacity) Mr. Collins (in his official capacity) and Mr. Hughes (in his individual and official capacity) as follows:

A. A permanent injunction enjoining defendants, and their agents, successors, employees and those acting in concert with them from continuing to violate the rights of the plaintiff;

B. An order requiring defendants to make plaintiff whole, by appropriate back pay and front pay awards, prejudgment interest, fringe benefits and otherwise;

C. Compensatory damages in an amount to be determined at trial.

D. Punitive damages in an amount to be determined at trial;

E. Attorney's fees, costs, pre and post judgment interest; and

F. For any other additional or alternative relief as may be just and proper.

*/s/ Mark S. Coco*
_____
Mark S. Coco (0011765)
37 West Broad Street, Suite 950
Columbus, Ohio 43215
Telephone: 614/464-2572
Facsimile: 614/464-2245
Email: mcoco@hmbc.com
Trial Attorney for Plaintiff

OF COUNSEL:

HARRIS, McCLELLAN, BINAU & COX
37 West Broad Street, Suite 950
Columbus, Ohio 43215
Telephone: 614/464-2572
Facsimile: 614/464-2245

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

*/s/ Mark S. Coco*
_____
Mark S. Coco

6