# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROSA STAYNER,**

        Plaintiff,                                Case No. 2:09-CV-0752

v.                                                  Judge Marbley

**OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION, et al.,**

        Defendants.

## AGREED PROTECTIVE ORDER

The parties hereto having stipulated to the entry of a protective order under Federal Rule of Civil Procedure 26(c), and it appearing to the Court that such an order is necessary, appropriate, and will facilitate discovery, it is hereby ORDERED that:

1) Pursuant to 45 C.F.R. §164.512(e)(iv) and (v), any records and/or documents produced by any party containing protected health information within the meaning of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), shall be treated and maintained as follows:

a) Any such records shall be used only for the purposes of the above-captioned litigation, and for no other purpose whatsoever;

b) Except as otherwise provided in this paragraph, any such records shall be treated

1

as "confidential" within the meaning of this Order.

      c) If any such records are introduced into evidence in this action, the parties shall fully comply with S.D. Ohio Civ. R. 26.2. All information that would personally identify the patient shall be redacted, including but not limited to name, address, telephone number, date of birth, financial account numbers and Social Security number. The parties reserve the right to file unredacted documents, otherwise protected, under seal when necessary for presentation of their case in accordance with paragraph 5 hereof.

      d) As soon as practicable at the conclusion of this suit, by judgment or otherwise, the parties and their respective attorneys shall return to the producing party any and all documents whose production is described in this paragraph, along with any copies thereof, whether or not a written request therefore has been made. Upon request, counsel shall assist in identifying such protected health information that was produced. Any other documents containing protected health information copied or derived from documents so produced shall be returned or destroyed or the information redacted.

      2) In addition to the documents identified in paragraph 1 hereof, either party may designate as "confidential" any documents, or deposition transcripts or exhibits reflecting the contents of such documents, which it believes should be subject to the terms of this Protective Order. Such information may include medical, proprietary information or information that may invade the privacy of third parties, but may not include publicly available information such as documents maintained by the Ohio Department of Rehabilitation and Correction which are subject to the Public Records Act. Any documents

designated as "confidential" by a party under this paragraph shall be clearly labeled "confidential" prior to their production. The parties shall not designate any document as "confidential" unless they have a good faith belief that said document is entitled to that protection under existing law.

3) The Court will resolve any disputes regarding what documents, deposition transcripts or exhibits will be treated as confidential under this Order. Except as specified at paragraphs 1 and 2 hereof, the party asserting confidentiality shall have the burden of demonstrating same. A party asserting that formerly confidential documents should no longer be treated as confidential shall have the burden of demonstrating same. The designation of a document as "confidential" in bad faith may result in the imposition of sanctions.

4) Applications to the Court for an order relating to any documents designated as confidential shall be by motion under S.D. Ohio Civ. R. 7.2 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

5) Confidential documents shall be maintained in confidence and used by the parties and their respective attorneys (including their support staff) in this matter only for purposes of the above-captioned action and shall be disclosed to no one except experts or consultants, or as may be required to present this action at trial.

6) If documents designated as confidential are to be filed, they shall be filed under seal

or in accordance with S.D. Ohio Civ. R. 26.2 in such a way as to protect the confidential information contained therein. To the extent that a brief, memorandum or pleading refers to any document marked as confidential, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

    a) Before any document marked confidential is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as confidential to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

    b) Where agreement is not possible or adequate, before a confidential document is filed with the Clerk, it shall be placed in a sealed enveloped marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER DOCUMENTS," displaying the case name, docket number, a designation of what the document is, the name of the party on whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the Court's chambers.

    c) To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, brief or memorandum, then such portion of the pleading, motion or memorandum may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to confidential

documents. The confidential version shall be a full and complete version of the pleading, motion or memorandum and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading, motion or memorandum also shall be delivered to the Court's chambers.

7) All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial confidential documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (*i.e.,* by Bates number, page range, deposition transcript lines, etc.) without divulging the actual confidential documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

8) Documents designated as "confidential" shall, at the written request of the producing party, be returned to the other party along with all copies thereof. Nothing in this paragraph shall require dismantling, destruction or return of confidential information contained or reflected in attorney work product, or in other documents such as pleadings, correspondence or deposition testimony, trial testimony, deposition exhibits or trial exhibits if such work product or other documents are maintained by counsel in strictest confidence.

9) A party who produces any document not subject to discovery under federal law without intending to waive the claim of protection associated with such document may, within ten (10) days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such

document was inadvertently produced and should have been withheld as protected. Such protected documents may include, but are not limited to, privileged communications, attorney work-product material, documents protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232g, documents relating to academic misconduct that are confidential under 42 C.F.R. §93.108(a) and documents containing HIPAA-protected health information.

10) Once the producing party provides such notice to the requesting party as specified in ¶9 hereof, the requesting party must (a) promptly return the specified document and any copies thereof; (b) destroy or redact, and certify such destruction or redaction to the producing party, any notes or any other documents it created that reflect the contents of the specified document; and (3) refrain from disclosing the substance of such specified document to any third party, including the Court. The requesting party shall provide written certification of compliance within thirty (30) days of the producing party's notice. This provision does not apply to deposition transcripts, trial transcripts, deposition exhibits, trial exhibits and other court filings.

11) The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as protected material shall not waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party requests its return and takes reasonable precautions to avoid such inadvertent disclosure.

12) This Order shall not be deemed to encompass documents or information that was

lawfully in either party's possession prior to the filing of this action

13) By complying with these obligations, the requesting party does not waive any right to challenge the assertion of protected status or confidentiality and request an order of the Court determining the issue. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material and requests the Court's determination within thirty (30) days of the notice described in ¶7 hereof, a single set of copies may be sequestered and retained by and under the control of the requesting party for the sole purpose of seeking the Court's determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

14) Any third party, such as expert witnesses or vendors, retained by either party in the course of the above-captioned litigation shall be provided a copy of this Order and shall be bound by its terms.

15) In the event of inadvertent disclosure of privileged documents and upon timely notice by the producing party, the requesting party shall have the obligation to retrieve any such documents from third parties retained by the requesting party.

16) The term "document" means any printed, typewritten, handwritten or otherwise recorded matter of whatever character, whether a copy, preliminary draft or original, including but not limited to, letters, computer or digitally stored files, e-mail, fax or correspondence, memoranda, notes, statements, notebooks, minutes, reports, worksheets, handbooks, manuals, pamphlets, brochures, diaries, calendars, stenographic notes, analyses, forecasts, announcements, publications, press releases, photographs, video and audio tape

recordings, motion pictures, tabulations, graphs, charts, maps, telegrams, agreements, contracts, affidavits, transcripts, printouts or other stored information from computers or other information retrieval systems, and any copies of the foregoing that are different from the original or other copies because of notations or markings.

17) This Order is subject to modification by the Court upon application of either party and a showing of good cause.

It is SO ORDERED.

                                                  /s/ Terence P. Kemp
                                                  United States Magistrate Judge

APPROVED & AGREED:

*/s/Mark S. Coco (with consent)*

Mark S. Coco (0011765)
HARRIS, McCLELLAN, BINAU & COX, PLL
37 W. Broad St., Suite 950
Columbus, Ohio 43215
Telephone: 614/464-2572
Facsimile: 614/464-2245
Email: mcoco@hmbc.com

*Trial Counsel for Plaintiff Stayner*

RICHARD CORDRAY
Ohio Attorney General

*/s/ Lee Ann Rabe*

Lee Ann Rabe (0077170)
Michael C. McPhillips (0065329)
Rema A. Ina (0082549)
Assistant Attorneys General
Employment Law Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
Telephone: 614/644-7257
Facsimile: 614/752-4677
Email: LeeAnn.Rabe@ohioattorneygeneral.gov; ELSReview@ohioattorneygeneral.gov

*Counsel for Defendants Ohio Department of Rehabilitation and Correction, Sheets, and Moore*

*/s/Lisa M. Eschbacher (with consent)*

Lisa M. Eschbacher (0069673)
Assistant Attorney General
Criminal Justice Section
150 E. Gay St., 16th Floor
Columbus, Ohio 43215
Telephone: 614/644-7233
Facsimile: 614/728-9327
Email: Lisa.Eschbacher@ohioattorneygeneral.gov

*Counsel for Defendant Hughes*