IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROSA STAYNER, : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:09-CV-752 |
| v. : | |
| : | JUDGE ALGENON L. MARBLEY |
| OHIO DEPARTMENT OF : | |
| REHABILITATION AND : | Magistrate Judge Kemp |
| CORRECTION, et al, : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

**I.  INTRODUCTION**

This matter is before the Court on Defendants', Ohio Department of Rehabilitation and Correction ("ODRC"), Ross Correctional Institution ("RCI"), Michael Sheets ("Sheets") and Ernie L. Moore ("Moore") (collectively referred to as "Defendant Employers"), Motion to Dismiss Plaintiff's, Rosa Stayner ("Plaintiff"), First Amended Complaint in Part.  (Dkt. 16.) These Defendants are Plaintiff's current employers.  Defendant Alfred "Greg" Hughes ("Defendant Hughes") is also a party to this matter, but is represented by separate counsel and not party to the Motion to Dismiss.

Plaintiff sued Defendant Employers alleging violation of federal law for employment discrimination on the basis of sex under of Title VII and codified in 42 U.S.C. § 2000e *et seq*. (Count I); violation of Ohio law for employment discrimination on the basis of sex under Ohio Rev. Code § 4112.99 ("§ 4112") (Count II); and violation of her First and Fourteenth Amendment rights under 42 U.S.C. § 1983 ("§ 1983").  More specifically, Plaintiff alleges that

1

Defendant Employers failed to take proper action in response to her allegations of sexual harassment against Defendant Hughes.

Defendant Employers move to dismiss Counts II and III pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) based on Eleventh Amendment sovereign immunity. Count I is not challenged by Defendant's motion. For the reasons stated below, Defendant Employers' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Count II (Plaintiff's § 4112.99 action) is **DISMISSED WITHOUT PREJUDICE** as to all Defendant Employers, Count III (Plaintiff's §1983 action) is **DISMISSED** as to Defendants ODRC and RCI, but remains as to Defendants Sheets and Moore.

## II. BACKGROUND

Plaintiff, Rosa Stayner, has been employed by Defendant ODRC at Defendant RCI since 1998. Defendant Michael Sheets and Defendant Ernie L. Moore are included in their official capacity as Warden of RCI and Director of ODRC, respectively. Defendant Alfred "Greg" Hughes is also an employee of ODRC. Defendant Hughes is employed by ODRC as a Sergeant and Corrections Officer at RCI and is named in this suit in both his individual and official capacity with ODRC. Defendant Hughes is represented by separate counsel and is not a party to the matter currently before the Court.

On October 12, 2007, Plaintiff filed an incident report with RCI. Plaintiff alleged that she was sexually harassed on October 7 and 9, 2007, by her supervisor, Defendant Hughes. Plaintiff alleges that Defendant Hughes responded to Plaintiff's filing of the incident report by making additional improper comments and engaging in retaliatory conduct toward Plaintiff. Plaintiff

2

claims that she reported these actions to the Office of Defendant Sheets, but no action was taken.

In her Amended Complaint, Plaintiff claims that the acts and comments by Defendant Hughes, as well as the lack of adequate response from Defendants RCI, ODRC, and Sheets, caused her extreme emotional distress and made it difficult to perform her duties as a corrections officer. In response to this stress, Plaintiff was placed on disability leave on December 21, 2007.

On September 26, 2008, Plaintiff was taken off of disability leave and returned to work at RCI. Plaintiff alleges that since her return to work on September 26, 2008, Defendant Hughes has continued to engage in retaliatory conduct towards her. In her Amended Complaint, Plaintiff alleges that the actions of officials at RCI have continued to cause her extreme emotional distress, making it difficult to perform her duties as a corrections officer. Specifically, the retaliatory actions alleged by Plaintiff include: (1) forced participation in training sessions with Defendant Hughes; (2) retaliatory job and shift assignments; (3) numerous inappropriate comments and actions by officials and other officers related to the merits of Plaintiff's allegations and lawsuit; and (4) again being placed on administrative leave on October 16, 2009. Plaintiff alleges that she reported all of the incidents of retaliation to the relevant officials at RCI, but no action was taken by RCI in response to her allegations. Since being placed on administrative leave on October 16, 2009, Plaintiff has not yet resumed employment at RCI.

On June 12, 2008, Plaintiff filed a timely charge with the U.S. Equal Employment Opportunity Commission ("EEOC") in response to the events from October 2007 until December 2007. In June 2009, the EEOC issued an official notification of Plaintiff's right to initiate litigation under Title VII. On November 20, 2009, Plaintiff filed another timely charge with the EEOC in response to the events from September 2008 until October 2009. The EEOC

3

issued an official notification of Plaintiff's right to initiate litigation under Title VII on February 24, 2010.

Plaintiff Rosa Stayner brings three causes of action against Defendants. In Count I and Count II, Plaintiff alleges that the sexual harassment, retaliation, failure to take prompt remedial action, and removal from her job, constitute violations of federal and state law, 42 U.S.C. § 2000e *et seq.* and O.R.C. § 4112.99 under Ohio law respectively. In Count III, Plaintiff alleges that Defendants infringed on her right to equal protection under the Fourteenth Amendment and her right to freedom of speech under the First Amendment, in violation of 42 U.S.C. § 1983.

Defendant Employers answered Plaintiff's Amended Complaint and filed a Motion to Dismiss Plaintiff's First Amended Complaint in Part. In their Motion to Dismiss, Defendants assert that Count II for sexual harassment, retaliation, failure to take prompt remedial action and removal from employment, under Ohio Rev. Code § 4112.99, is barred because Defendant Employers are a state agency and are immune from suit under the doctrine of Eleventh Amendment sovereign immunity. Defendant Employers claim the State of Ohio has not consented to jurisdiction in the federal courts for these Ohio law claims. Furthermore, any individuals named defendants in their official capacity as a state official is entitled to the same protections. Defendant Employers maintain that Count III for violation of § 1983 is also barred by the Eleventh Amendment.

Plaintiff responded, agreeing with Defendant as to Count II and asked that the court dismiss this count without prejudice so it can be refiled in the Ohio Court of Claims. Plaintiff also concedes that as to Count III, monetary damages were improper, but clarified that she was pursuing injunctive relief under § 1983.

### III.  STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations."  *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005).  Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)*; Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 127 S. Ct. 1955 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss.  *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted).  The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'"  *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007)).  While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007).  A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief."  *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556).

## IV.  LAW AND ANALYSIS

Defendant Employers argue that Plaintiff's § 4112.99 (Count II) and § 1983 (Count III) claims are barred by the Eleventh Amendment of the United States Constitution.  The Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

The Eleventh Amendment bars suits against an unconsenting State or one of its agencies or departments brought by a citizen of its own or of another State.  *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1981). Furthermore, the State of Ohio has not waived its Eleventh Amendment immunity in federal courts.  *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) (federal court has no jurisdiction over state law or Equal Protection claims against the State of Ohio); *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989); *Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985).

### A.  § 4112.99 Claim Against Defendants ODRC, RCI, Sheets, and Moore

In Count II of the Amended Complaint, Plaintiff alleges that the actions of Defendant Employers constituted unlawful discrimination as codified in Ohio Rev. Code § 4112.99. Plaintiff concedes that her § 4112.99 claim would more properly be asserted in the Ohio Court of Claims.  (Dkt. 19.)  Plaintiff therefore seeks that Count II of her claim be dismissed, without

prejudice, so that she may refile that claim in the Ohio Court of Claims.  (Dkt. 19.)  Defendant Employers have agreed this request.  (Dkt. 20.)  Accordingly, pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff's claim under Ohio Rev. Code § 4112.99 against Defendant Employers, ODRC, RCI, Sheets, and Moore, is **DISMISSED WITHOUT PREJUDICE**.

### B.  § 1983 Claim Against ODRC, RCI, Sheets and Moore

In Count III of the Amended Complaint, Plaintiff alleges that the actions by Defendant Employers constituted a violation of her constitutional rights under the Fourteenth and First Amendments to the U.S. Constitution as codified by 42 U.S.C. § 1983.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983.

The primary purpose of § 1983 is "to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position."  *Monroe v. Pape*, 365 U.S. 167, 172 (1961) (overruled as to the liability of municipalities in § 1983 actions, but not states).  Section 1983 is, however, limited in its scope.  A suit may not be brought against a state agency unless the state has waived its sovereign immunity under the Eleventh Amendment.  *Will*, 491 U.S. 58, 65-70 (1989) (holding that a State is not a "person" for the purposes of § 1983 and that a suit against an individual in their official capacity is equivalent to a suit against the State itself); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978) (*per curiam*) (suit against State and its Board of Corrections barred by Eleventh Amendment).

When state officials, rather than the state itself or one of its agencies, are defendants to a claim, a distinction is made based on the type of relief sought by plaintiff. A claim for prospective injunctive relief may proceed against a state official sued in his/her official capacity. *Hafer v. Melo*, 502 U.S. 21, 28 (1991); *Will*, *supra*, 491 U.S. at 71, n. 10 ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (citing *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14 (1985)); *Turker v. Ohio Dept. of Rehabilitation and Corrections*, 157 F.3d 453, 459-60 (6th Cir. 1998) (equitable relief may be sought against State in federal court). A claim for monetary damages against an individual sued only in his/her official capacity, however, is not permitted. *Will*, *supra*, 491 U.S. at 71 (suit against a state official in his or her official capacity is no different than a suit against the State itself and should therefore not be treated any differently).

### 1. Plaintiff's § 1983 Claim Against ODRC and RCI

It is undisputed that both ODRC and RCI are divisions of the State of Ohio. (Dkt. 14.); *see also Turker*, *supra*, 157 F.3d at 456-57 (holding that ODRC is a state agency and therefore immune from suit for damages under the Eleventh Amendment). Nor has the State of Ohio has waived its Eleventh Amendment immunity in federal courts. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989); *Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985). The Eleventh Amendment proscribes suits in federal court against the state or any of its agencies or departments unless the state has given express consent, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100. Therefore, a § 1983

claim may only be brought against ODRC and RCI if the state has waived its sovereign immunity under the Eleventh Amendment.  *See generally*, *Will*, *supra*, at 65-71; *Pennhurst*, *supra*, 465 U.S. at 100; *Pugh*, *supra*; *Thiokol*, *supra*.

Finally, Plaintiff concedes that no § 1983 claim can be maintained against ODRC and RCI.  (Dkt. 19.)  Accordingly, Defendant's Motion to Dismiss in Part as to Plaintiff's § 1983 claim against ODRC and RCI is **GRANTED**.

### 2.  Plaintiff's § 1983 Claim Against Sheets and Moore

In Plaintiff's Reply, she clarifies that she seeks only injunctive relief against Defendant Employers sued on the basis of their official capacity.  Claims brought under § 1983 for prospective injunctive relief, but not for monetary relief, may be made against state officials in their official capacity.  *Hafer*; *supra*; *Will*, *supra*, 491 U.S. at 71, n. 10; *Turker*, *supra*, 157 F.3d at 459-60.  This is undisputed by Defendant Employers.  (Dkt. 20.)  It is also undisputed that as applied to individual actors, Defendants Sheets and Moore, Plaintiff's § 1983 action may proceed only for prospective injunctive relief.  (Dkt. 20.)  Therefore, Defendants Sheets and Moore's Motion to Dismiss Count III of Plaintiff's claim for violation of § 1983 is **DENIED**.  Plaintiff's relief in this suit, however, is limited to injunctive relief.

### V.  CONCLUSION

For the reasons stated above, Defendant Employers' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.  Count II (Plaintiff's § 4112.99 action) is **DISMISSED WITHOUT PREJUDICE**, as to all Defendant Employers, Count III (Plaintiff's §1983 action)

9

is **DISMISSED** as to Defendants ODRC and RCI, but remains as to Defendants Sheets and Moore.

  **IT IS SO ORDERED.**


                 <u>  s/Algenon L. Marbley           </u>
                 **ALGENON L. MARBLEY, JUDGE**
                 **United States District Court**


**DATE: June 25, 2010**